Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5251 | **DATE** | 12/20/2004 |
| **CASE TITLE** | Harden Food vs. City of Chgo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, defendants' motion to dismiss is granted in its entirety. All pending dates and motions are hereby stricken as moot. Terminating case. Enter memorandum opinion

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 21 2004 | |
| | Notified counsel by telephone. | date docketed | 13 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARDEN FOOD AND LIQUOR, INC. )
AND HARRIET MARGARIS, )
)
Plaintiffs, )
)
v. ) No. 04 C 5251
)
)
THE CITY OF CHICAGO, a municipal )
corporation, LATASHA R. THOMAS, )
individually and in her capacity as )
Alderman of the 17th Ward, M.G. )
FARRAR, individually and in her )
capacity as Chicago Police Officer, )
Sergeant ANDREWS and Lieutenant )
HAMILTON, individually and in their )
capacity as Chicago Police Officers, )
)
Defendants. )

DOCKETED
DEC 2 1 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below we grant the motion to dismiss in its entirety.

## BACKGROUND

Plaintiff Harriet Margaris ("Margaris") is the president and sole shareholder of

1

Plaintiff Harden Food and Liquor Inc. ("Harden"). Plaintiffs allege that on two occasions the Chicago Police Department charged Harden with ordinance violations for allegedly selling packaged liquor without a license. Plaintiffs also allege that Defendants changed the scope of Harden's liquor license from coverage for a tavern and retail packaged liquor store to coverage solely for a tavern without affording Plaintiffs the opportunity to be heard. Plaintiffs allege that Defendants forced Harden to cease its business. Plaintiffs brought the instant action alleging violations of their Fourth, Fifth, and Fourteenth Amendment rights and bring the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983").

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High*

*School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a "cause of action."" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### I. Section 1983 Municipal Liability Claim

Defendants' seek a dismissal of the Section 1983 municipal liability claim. The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for Section 1983 violations. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable

3

under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy, practice or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

Defendants argue that Plaintiffs have not alleged any municipal policy, custom, or practice. Plaintiffs argue that they allege that the "79[th] Street Redevelopment Plan" ("Plan") is a city policy responsible for the wrongful conduct. However, although Plaintiffs make reference to the Plan in their complaint, Plaintiffs fail to specifically allege that the Plan is responsible for the wrongful conduct. In addition, the portions of the Plan pointed to by the Plaintiffs in the complaint address new development rather than existing commercial or retail development. Plaintiffs have failed even under the liberal notice pleading standard to make it clear how the Plan in any way formed the backbone of a policy that violated Plaintiffs' constitutional rights.

Plaintiffs also contend that they allege that the wrongful conduct of Defendants is a widespread practice. However, such conclusory statements are

4

insufficient to state a claim. Finally, Plaintiffs argue that one of the Defendant Aldermen has policy making authority. However, the mere fact that a Defendant had policy making authority is insufficient to provide notice to Defendants that the Alderman executed or formed a certain policy. Therefore, we grant the motion to dismiss the Section 1983 municipal liability claim.

## II. Fourth Amendment Claim

Defendants argue that they are entitled to summary judgment on the Fourth Amendment claim because Plaintiffs have not alleged either a search or seizure by Defendants. The Fourth Amendment bars "unreasonable searches and seizures." *Thompson v. Wagner*, 319 F.3d 931, 934 (7th Cir. 2003). In assessing whether a law enforcement officer has violated the Fourth Amendment the court must determine: "(1) whether the conduct constitutes a search or seizure; and, if so, (2) whether the search or seizure was unreasonable." *Dunn v. City of Elgin, Illinois*, 347 F.3d 641, 648 (7th Cir. 2003). A "search" under the Fourth Amendment "occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *Schaill by Kross v. Tippecanoe County School Corp*, 864 F.2d 1309, 1311-12 (7th Cir. 1988)(citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

Plaintiffs argue that when the officers entered their store and gave them administrative notices of ordinance violations, they engaged in a search. However, Plaintiffs failed to allege that the officers did anything other than deliver the notice

to Plaintiffs when they entered the store. Such conduct is not a Fourth Amendment search. Plaintiffs include in the complaint language that the officers engaged in a search "by inspecting their store," apparently when the officers gave the notices. (Compl. Par. 20). However, other than this conclusory statement regarding an inspection, there are no facts alleged whatsoever indicating how the officer's conduct constituted an inspection. Plaintiffs thus fail to satisfy the notice pleading standard by offering even the operative facts that support their Fourth Amendment claim. Therefore, we grant the motion to dismiss the Fourth Amendment claim.

III. Fifth Amendment Claim

Defendants seeks a dismissal of the Fifth Amendment claim. Defendants argue in their memorandum in support of their motion that Plaintiffs failed to exhaust their state remedies before bringing the claim. *See Forseth v. Village of Sussex,* 199 F.3d 363, 374 (7th Cir. 2000)(explaining that in *Williamson County Reg. Planning Comm'n v. Hamilton Bank,* 473 U.S. 172 (1985) "the Supreme Court articulated a special ripeness doctrine for constitutional property rights claims. . . ."). Plaintiffs do not dispute in their answer brief Defendants' contention that Plaintiffs failed to exhaust their state remedies. Therefore, we grant the motion to dismiss the Fifth Amendment claim.

IV. Due Process Claims

Defendants seek a dismissal of the Due Process claims. Defendants argue that Plaintiffs have failed to state valid substantive due process claims and Plaintiffs have failed to contest Defendants' argument. We agree that no substantive due process claim is stated and therefore grant the motion to dismiss the substantive due process claims. In regards to the procedural due process claim, Plaintiffs allege that they were deprived of their liquor license without an opportunity to be heard. However, the City of Chicago Municipal code provides a procedure requiring a notice and an opportunity to be heard prior to a revocation or suspension of a liquor license. Plaintiffs point to sections of the Plan that discuss "limiting liquor stores and taverns," but there is no indication whatsoever or other facts that indicate that such language encourages the City of Chicago to take illegal measures to force out existing stores.

At most, Plaintiffs' allegations that Defendants unilaterally altered Plaintiffs' liquor license and suspended it without notice, constitute random and unauthorized act that is insufficient to support a due process claim. *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 940-42 (7th Cir. 2003); *Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No.1*, 143 F.3d 351, 358 (7th Cir. 1998); *Cushing v. City of Chicago*, 3 F.3d 1156, 1164 (7th Cir. 1993); *Easter House v. Felder,* 910 F.2d 1387, 1400-01 (7th Cir. 1990));*New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1480-81 (7th Cir. 1990). Therefore, we

grant the motion to dismiss the due process claims.

V. Equal Protection Claim

Defendants seek a dismissal of Plaintiffs' equal protection claims because Plaintiffs have failed to allege sufficient facts to state a traditional equal protection claim or a "class of one" equal protection claim. Under the traditional equal protection analysis, if the alleged class is not a suspect class, the court "will address [the plaintiff's] equal protection claim under the familiar rational basis test, . . .[and rule for the defendant] if 'there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Zambrano v. Reinert,* 291 F.3d 964, 970 (7th Cir. 2002)(quoting in part *FCC v. Beach Communications, Inc.,* 508 U.S. 307, 313 (1993)). Thus, to the extent that Plaintiffs contend that they are a part of a class of small liquor stores, such a class is not a suspect class and would be reviewed under the rational basis test.

Plaintiffs indicate in a conclusory fashion that their store is part of a class of small liquor stores that are apparently being treated differently that larger stores such as "OSCO". (Compl. par. 23). However, other than the vague references to such classes Plaintiffs fail to indicate how this alleged deferential treatment extends beyond the conduct relating to Plaintiffs' liquor license alone. Nor have Plaintiffs alleged any policy that promotes different treatment between classes.

Plaintiffs also specifically state in their complaint that they are bringing a

8

"class of one" equal protection claim. (Comp. Par. 23). Under the "class of one" equal protection theory, a person who has not been treated differently "because of race or some other trigger of invidious discrimination can still obtain a remedy under the equal protection clause for 'irrational and wholly arbitrary' adverse treatment by government." *Tuffendsam v. Dearborn County Bd. of Health*, 385 F.3d 1124, 1127 (7th Cir. 2004). For a "class of one" claim a plaintiff must show that: 1) "he has been intentionally treated differently from others similarly situated" and 2) "there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). Plaintiffs argue that Defendants' personal animus towards them is illustrated by the allegations that on prior occasions Defendants attempted to close down their store. (Compl. Par. 23). However, such allegations fall far short of alleging that the Defendants had a "deep seated animosity" as is required by the Seventh Circuit for a "class of one" claim. *Bell v. Duperrault*, 367 F.3d 703, 709 (7th Cir. 2004). Plaintiffs have failed to allege facts, that even if accepted as true, show the requisite animus. Therefore, we grant the motion to dismiss the equal protection claim.

## CONCLUSION

Therefore, based on the foregoing analysis, we grant Defendants' motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 20, 2004